Good morning, your honors. My name is Ryan Saba of Rosen Saba. I represent the appellants Heini Alvarez and Maricela Lavestida We are here today on a summary judgment order that was granted by The Honorable Percy Anderson in the District Court of the Central District of Los Angeles in California the issues before this court are Whether judge Anderson misapplied the facts that were presented at the time of the summary judgment To the applicable constitutional standard that is warranted in this particular case. I Don't believe there's any dispute between the parties that the Saucy arm Pearson standard should be applied for the 1983 claims meaning Were there enough facts to make out a constitute a violation of the Constitution and if so Was that right that issue clearly established at the time of the alleged misconduct Well, you cited in your reply brief the WMX technologies case It seems to directly to me and if you'll explain why not Undercut your argument in this case The planes were never denied a government benefit such as the permit suspended in Serrano's grace This case seems to be more like WMX case where the court found There was only damage to the business reputation not any Direct deprivation of goodwill that would make out a claim for constitutional situation What is the affirmative act in this case that takes it beyond? Simply statements that resulted in loss of business reputation There are three specific facts that are in the record The first is that Victor Hamilton who was an investigator for the city? spoke directly to Bill O'Laugherty who was the vice president of Provident Bank and Told Bill O'Laugherty that these that our clients were criminals Secondly Dennis Stout who was the district attorney at the time sent a letter to the CEO of Provident Bank Saying that they were effectively criminals and being investigated as a result of those two comments Provident Bank then Reduced the credit line of Alvarez and Associates from 3 million to 1.6 million That was the maximum that they had already spent leaving them no credit on their credit line at that time That's a tangible business loss because they were unable to then continue to perform business they were unable to Buy wood and lumber and do the things that they need to do in order to rehabilitate these homes They effectively by investigating and speaking to these individuals and giving false statements to Provident Bank. They effectively Undercut the Alvarez and Associates ability to conduct business That's a tangible business loss that was derived directly from the slanderous comments and the loss of business goodwill secondly Dennis Stout who At the time was the district attorney not an associate district attorney or an underling the district attorney Specifically spoke to William Alexander who was the mayor of Rancho Cucamonga When he spoke to the mayor he specifically said the our clients were criminals no criminal charges had been filed at that time There was just an investigation He said they're criminals thus the slander mark the city of Rancho Cucamonga Was a potential zone for our clients to conduct business and the city of Rancho Cucamonga declined to conduct business in with Alvarez and Associates Thirdly which was unfortunately we were prevented from providing this ultimate evidence at the time of the trial I mean at the time of the summary judgment, but part of the evidence was in the record Was that there was a declaration that we attached of Ed Scott at the time? Ed Scott was a councilman with the city of Rialto and Scott said very specifically that Dennis Stout again the district attorney of the county of San Bernardino told him that Jaime Alvarez is a criminal He then told the rest of the city council members of the city of Rialto about this statement ultimately the city of Rialto declined to do actually I was just was doing business the city of Rialto and they ultimately Cut off their ability to do sit up business in the city of San Bernardino city of Rialto So here we have three direct comments that are slandering our clients that led to actual tangible business loss That is by the definition the violation of the constitutional right, which is the deprivation of their business goodwill Okay, and so forward, okay I mean she she asked the question. That's true. We gave you the chance to answer there are three constitutional violations Which we allege are part of the saucier and Pearson violations the first being the deprivation of? The business loss which we just discussed the second one was the deliberate fabrication of evidence now when the definition of fabrication of evidence in cult it encompasses the failure to investigate exculpatory evidence and The or the coercing of witnesses here. We presented significant evidence that witnesses were Absolutely coerced into making statements which were false against the Alvarez and Associates But in it now that you're into that let me ask you a question Can that does the district court air in granting summary judgment on the 1983 claim? If he if the district court finds that there was insufficient evidence for a jury to find that the False evidence if the district court has appropriately determined that Does the district court? nonetheless air if they miss on The affirmative act which in conjunction with the defamatory statements deprive the plaintiffs aren't there two alternatives for the district court to make and therefore even if judge even if your answer to judge Nelson's question is correct is If you lose on that there was no fabricated or coerced false evidence you lose nonetheless Isn't that true? I actually respectfully disagree. Well, I asked that's my Isn't that true? I'm not trying to suggest. I'm just saying does the district court have to base its Judgment on both prongs or is one prong adequate? I think if there is any constitutional violation whether it be by Avoiding or by failure to investigate a culprit or evidence or by the deprivation of goodwill as long as we are able to prove that there is a constitutional violation we survive summary judgment and Whether that's because we put forward three potential alternatives the third being equal protection We don't have to be successful in all three We only need to be successful in one of the three and in this particular situation We believe judge Anderson went beyond his role as a judge and began to evaluate the evidence and made determinations Which we think were better served for the trier of fact in regard to the exculpatory evidence as he began to analyze and assess Credibility to that evidence in order for him to reach the conclusion that there was no failure to fabricate evidence and failure to Coerce witnesses now you you would agree with me Would you not that the only thing that's required under Deborah is that one be? Subjected to the charges on the basis of false evidence Correct and so therefore if in fact there was false evidence But that false evidence was not used as the basis for the charges Then your argument in that area would be lost That is correct. So if in fact I can find that there is true evidence on Which these charges were based on? Nothing to do with this false evidence or allegedly false evidence or what might be false evidence But there is true evidence even your clients have admitted Which would substantiate the charges then your argument in that area would be lost correct actually? We believe that would be a tribal issue of fact at that well but if there's if it's all true evidence, and if they're only subjecting the charges the constitutional error is Making those charges on the basis of false evidence, isn't it in this particular situation? You had evidence that was based on some true and some false And that is what the jury gets to decide is the credibility of the true evidence and the nature and extent of the true evidence Well, I'll be fair. I haven't found that case That suggests that I have found a case that would suggest quite the opposite And that is that as long as there's true evidence Which sustains the basis of the charges, there's no constitutional violation In this particular case the charges were of a conspiracy nature there were no fraud charges brought so in order for there to be a conspiracy charge which was Fairly thinly veiled as it was which was ultimately dismissed by the district attorney anyway You need to take in the totality of all of the evidence that was presented at the time of this search and arrest warrant You can't just say part of it was true and part of it was false Otherwise then the court when they were issuing the arrest warrant wouldn't know which is true, and which is false well, okay? I understand I understand your argument. Let's go to the course testimony if I look at the course testimony It seems to me that what the district court did is the district court looked at the total of the testimony that could have been Granted it could have been put before the jury and suggested based on undisputed evidence That there wasn't enough for coercion in other words made a legal determination that wasn't enough to send for Now are you suggesting then that there's some? disputed fact I Believe the court X went beyond its Are you just saying then you think that I should as an appellate court? Look into the same evidence and determine whether I find that that may have breached the coercive Testimony Standard I think ultimately this court should say that the trial of fact should make the determination whether there was no But just a minute There's no sense in any case even in tort cases to have a trier of fact to make a determination on something That I know just doesn't meet the legal limit, and if that's what I understood the judge did here He said put all your evidence the best you got and put it out there and now With everything you've got you don't meet the standard. I'm not sending it to the jury. That's what he said, right? That is what he said correct Unfortunately though we disagree with what he said well I understand what you're saying I guess I'm trying to figure out then if I can look at this What happened in these particular situations and find it doesn't meet the standard. That's all I got to do. That's correct all right And for that same reason you could also reverse because you would find that it does meet the standard It's particularly when these police officers hot-boxed And even after he repeatedly said over and over what do you want me to say the they were not involved with this crime This was all me What do you want me to say what do you want me to say and they finally said just tell us the truth that the Alvarez is the ones that committed the crime and eventually he came to that but then later on even recounted it They used that statement as the basis for everything else and even though the court wants to say well That was just one portion of the paragraph the problem is is that one portion that initial conversation with Julio Estrada? Was the catalyst for everything else for the search warrants the arrest warrants the investigation and everything else they use that one statement one core statement in order to Continue this investigation which was the largest investigation in the history of the city and county of San Bernardino at the time I mean, this is not just a little investigation. We're talking about 500 interrogations We're talking about witnesses who were not on their door made a pretty good statement of a case in state court for tortious interference with Beneficial contract relations and so forth but to getting back to the federal question The what is your best case that the deprivation of goodwill? Intentional by intentional behavior Is a taking of property Without due process. I believe that would be the Serrano versus Gosco Inc versus morning Well, the district judge tried to distinguish or thought he distinguished Serrano What's wrong with his? Statement about Serrano What the district court tried to say was that the loss of the credit line and the loss of this business Was an extension of just the slander whereas we don't see it as an extension of the slander We see it as a separate harm that was caused as a result of the slanderous comments from the district courts view the judge Percy Anderson basically nothing would ever be a deprivation You have to have the slander first in order to have the harm What he was trying to say was this this was an extension of the slander which is not what so that's not not what Serrano so this slander is is a probably is or can be a depth a an instrumentality of depriving someone of goodwill, but What is how do you get that goodwill? How do you monetize it or turn it into property? Well in this particular case, we have an actual California state law Treats it as property correct, but what's the federal what's the federal case? It says that a loss of goodwill is a loss of property. I believe that's the Serrano case sir The Serrano can't say that yeah The Serrano case says a loss of a property interest in conjunction with injury to a business reputation is a violation of the Constitution Your time is up. Thank you very much. I might give you an extra minute, so be prepared I'm sorry that other guy didn't appreciate We'll see how long the The city takes I'll try to be shorter Chris Lockwood for Robert Schreiber and the county I'm going to start with some of the points the court was making about the importance of These pieces narrows statement Going through the entire record. I think there's a few things that don't quite jump up Let's just put them together if you look at the declaration in support of the criminal complaint and compare it to the complaint itself Five of the counts in the criminal complaint are based on presenting false statements in the applications for Various loan documents not having to do with the strata at all These sixth and seventh causes of action to the counts. I'm civil Six and seventh caught counts in the criminal complaint are the ones having to do with the insurance binders. I'm sorry I am having trouble understanding you. Okay, could you speak a little more slowly or more directly sir? Thank you If you look at the first five counts of the criminal complaint here, you're still going pretty fast Slow down is so that we can understand. I mean When the Eido ears are bending over to here, you're going a little fast, but we talk slow up there Slowly, I guess okay Anyway counts six and seven on the criminal complaint are the only ones that have to do with the insurance binders If you look at each one of the overt acts on counts six and seven they have to do with reliable insurance companies The importance of that is you look at the declaration of mr Schreiber in support of the arrest warrant and we talks about Cisneros. He only talks about California Fair plan Nothing in the criminal complaint has anything to do with California Fair plan. Therefore Cisneros is simply irrelevant I think it's one point important to make And there is no dispute as to Those other first five counts that these statements were in fact made by the witnesses about the false statements Mr. Estrada, I watched his interview again yesterday. Look at it He makes statements very clearly which are accurately summarized in the declaration in support of the arrest warrant, but more important Mr. Estrada's deposition was taken in this case and there's no contention that any arm-twisting or anything happened improper during the deposition And he testified quite clearly This is at page four of the supplemental excerpts of record Question have you ever made an oral or written agreement with any employee of Alvarez and Associates to produce false insurance binders? For the purpose of facilitating the close of Alvarez and Associates escrows answer. Yes Question with whom answer Adrian holes Going on to the next page page 5 of supplemental excerpts. He was asked to tell the truth during the interview He had plenty of time. He said he was coerced if he liked he could have said so he didn't question When you were interviewed by the police in a videotape interview that you watched today Did you tell the police the truth answer? Yes to acknowledge I did Question specifically in response to the questions asked by detective Rogers. Did you tell him the truth? Answered to my knowledge. I did question in response to the questions asked by investigator Schreiber Did you tell him the truth answer? Yes to my knowledge I did So I think that by itself is enough, but I just ask you Why doesn't the district attorney's letter? Warning Provident Bank about plaintiffs and asking if they can plan to continue to do business with them Provide that extra thing beyond the defamation as opposing counsel described it The credit was reduced from three million to one six, which is what they'd already borrowed Anyway, okay a few layers of arguments on this one Number one, it's pretty well settled that defamation by itself Isn't a violation of any federal life unless you get to what the cases have called these stigma plus test and all of them require at the same time That the government deprived the plaintiff of a government benefit at the time Nothing happened at the same time the secret case which we cite I think is probably the probably the best example in which the court held There's a lot of case holding that you fire somebody employee and simultaneously make an announcement which is stigmatizing to them That's claim for due process if you fire them later on make the exact same statement. That is not secret case held it In this case we don't have any government benefit at all that's been deprived At best this is simple defamation, which is a state law claim. It is not a federal law claim There were questions asked during the prior argument about well, we've had goodwill that was deprived here. Does that make a difference? Well, no Frankly judge Nelson stole my first question and now you're taking up my second one I mean you talk about whether we have personal defamation or whether we have goodwill In this particular instance, how are you going to differentiate the two? Well, I don't think it makes any difference because we actually did cite cases They're not nice looking cases, but they are federal cases page 28 of our brief for the county in Shriver And I have several cases talking about goodwill not making a difference. Um First I did I do have my circuit case I cited in there the RJ Reynolds versus shubri Basically was tobacco companies saying this advertising campaign is hurting our goodwill This port found that's not a basis for a federal claim Then I have the Medcorp versus City of Lima a sex circuit case Well, would you tell me rather than just citing me those cases again? Would you tell me what the explanation is of that what you're trying to suggest to me? Are you saying goodwill doesn't make a difference? Is that what you're saying? Loss of goodwill is one of the potential kinds of harm that can result from defamation Injury to reputation is the usual type of thing that any defamation claim is based on and goodwill essentially is business reputation It's just one form and under a state law claim. That's part of what you can get for damages, but it's not a material difference What's the loss of business in with Rialto and Ratchapookamunga as a result of? the reputation How does that not amount to goodwill? I'm not saying it's not goodwill I'm saying that injury to goodwill is one of the kinds of harm that defamation can cause but it's all it is The statement plus test requires at the same time that you deprive the government of a government benefit That's not what they've alleged. There's no evidence that happened here See I got one more point I wanted to make and I was done Did the court have any questions about the attempt to submit the declaration to Mr. Stratton years after the fact? Is that an issue I should address? I had no questions Okay, in that case, thank you Thank you      I think it's a good point I think it's a good point I think it's a good point He wants to come and give me another Good morning Don DeMichelle deputy city attorney I represent the city of San Bernardino and the city employees who are sued as individual defendants Since my time somewhat limited by the fact that we have two attorneys arguing on this side I'd like to discuss an issue that only affects my clients and that's the nor Pennington doctrine and the Appellant's reply brief states that the nor Pennington doctrine doesn't apply here because it's not petitioning activity when you're investigating somebody But going back to the discussion that the court started the case with and that the district court relied on in the Devereaux case The federal right that's at issue here is the right not to be Subjected to criminal charges based on false or fabricated evidence Subjected to criminal charges isn't something that the city defendants could do because they don't prosecute this kind of crime What they're accused of doing is giving false Information to the county who then filed the criminal charges against the defendant or the plaintiffs who are the defendants in the criminal case and That's an act of the county that was done allegedly at behest of the city and that's pure core First amendment petitioning activity one branch of the government or one one government Petitioning another government to take action. That's nor Pennington right on its face Correct, and that's why our clients at least Should should have been excused based on that the argument wasn't made I conceived that but of course a judgment can be affirmed on any ground whether it was asserted below or not Along the same lines It should be noted two out of the three Quote-unquote loss of goodwill claims that mr. Sava alluded to when he argued only involved Dennis Stout the county district attorney not any city defendant and interestingly those two claims the one having to do with the mayor of Rancho Cucamonga and The one having to do with the Rialto councilman are the only Claims in which a government benefit possibly could have been said to have been deprived because the right to do business with a city or A city perhaps could be described as a government benefit Well again, the city defendants city of San Bernardino defendants weren't implicated in that the only Instance that they were implicated in was the Provident Bank instance which was a private benefit doesn't qualify as a 1983 deprivation The Devereux case was cited in the appellants opening brief ten times That's the standard that we're dealing with clearly established Constitutional due process right not to be subjected to criminal charges on the basis of false evidence That was deliberately fabricated by the government your honor's question earlier on On the basis of false evidence alluded to the causation test under section 1983 If there's sufficient evidence to prosecute the defendants under another probable cause standard Even if you exclude the evidence that was allegedly Fabricated or coerced then you don't have a 1983 violation because the 1983 authorities use the same standard that you use in criminal law and that standard is stated in the France versus Delaware decision you remove the tainted evidence from the affidavit and then you Arrest depending on what kind of warrant you're dealing with That's why I asked counsel what his best case was for what he was suggesting Thank you, and it was an excellent question your honor, and I'm sorry for plagiarizing it, but I thought that it were repeated, okay? I think I've covered what I want to but if the court has any questions. I'll be happy to respond to those No questions, thank you very much. Thank you. All right. Thank you. This case is submitted Oh nine five five zero zero one Alvarez versus the city of San Bernardino. Thank you counsel for your arguments We'll now turn to case oh nine five six five one old strike point trading versus Elizabeth symbolic unless I've got it wrong Symbolic symbolic sorry
judges: Goodwin, Nelson D. W., Smith N. R.